UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CITIZENS AGAINST CASINO GAMBLING IN ERIE
COUNTY (Joel Rose and Robert Heffern, as
Co-Chairpersons), REV. G. STANFORD BRATTON,
D. MIN., NETWORK OF RELIGIOUS COMMUNITIES,
NATIONAL COALITION AGAINST GAMBLING EXPANSION,
PRESERVATION COALITION OF ERIE COUNTY, INC.,
COALITION AGAINST GAMBLING IN NEW YORK—
ACTION, INC., THE CAMPAIGN FOR BUFFALO—
HISTORY ARCHITECTURE AND CULTURE,
ASSEMBLYMAN SAM HOYT, MARIA WHYTE, Erie
County Legislator, JOHN MCKENDRY, SHELLEY
MCKENDRY, DOMINIC J. CARBONE, GEOFFREY D.
BUTLER, ELIZABETH F. BARRETT, JULIE CLEARY,
ERIN C. DAVISON, ALICE E. PATTON, MAUREEN
C. SCHAEFFER, DORA RICHARDSON, and
JOSEPHINE RUSH,

               Plaintiffs,

v.                                                             **DECISION AND ORDER**
                                                              09-CV-0291S

TRACIE STEVENS,[1] in her Official Capacity as Chairwoman
of the National Indian Gaming Commission, the
NATIONAL INDIAN GAMING COMMISSION, the
UNITED STATES DEPARTMENT OF THE INTERIOR,
KEN SALAZAR, in his Official Capacity as
the Secretary of the Interior, and BARACK OBAMA, in his
Official Capacity as President of the United States

               Defendants.

---

1.      On March 31, 2009, Plaintiffs commenced this action challenging the legality of a gambling casino operated by the Seneca Nation of Indians ("SNI") on land it acquired in

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Tracie Stevens is substituted for Philip N. Hogen as the National Indian Gaming Commission's Chairperson.

1

2005, in the City of Buffalo (the "Buffalo Parcel").[2]

2. Currently before the Court is Plaintiffs' third Motion to Compel. (Docket No. 52.) This motion, and Plaintiffs' two prior discovery motions, are based, in whole or in part, on the purportedly improper conduct of Edith Blackwell.

3. At the time of the decision-making at issue in this lawsuit, Blackwell held the position of Associate Solicitor, Division of Indian Affairs.[3] As this Court noted in its decision on the first discovery motion, at all relevant times, Blackwell had a personal relationship with and is now married to Michael Rossetti, a former DOI employee who currently is a partner with Akin Gump Strauss Hauer & Feld LLP. Absent authorization by the DOI's Ethics Office, Blackwell is recused from all matters that involve Akin Gump. (Docket No. 39-1 at ¶2.) The Akin Gump firm provides legal representation to the SNI, and Plaintiffs repeatedly have argued that Blackwell was involved in decision-making that could or did impact the SNI.

4. In ruling on Plaintiffs' first discovery motion, the Court found that the deliberative process privilege did not apply to a post-decisional M-Opinion Blackwell had worked on, and ordered that the underlying documents be disclosed. Otherwise, however, the Court rejected Plaintiffs' argument that Blackwell's purported conduct nullifies the deliberative process privilege. While the privilege can "evaporate" where a party's cause of action is directed at the government's intent in rendering its decision, Children First Found., Inc. v.

---

[2] In fact, this is the third lawsuit brought by largely the same Plaintiffs seeking to bar the SNI from operating a gambling casino in Buffalo. Citizens Against Casino Gambling in Erie County v. Kempthorne, 06-CV-00001, filed January 3, 2006 ("*CACGEC I*"); Citizens Against Casino Gambling in Erie County v. Hogen, 07-CV-00451, filed July 12, 2007 ("*CACGEC II*"); Citizens Against Casino Gambling in Erie County v. Hogen, 09-CV-00291, filed March 31, 2009 ("*CACGEC III*").

[3] "The Division of Indian Affairs is part of the Office of the Solicitor. Attorneys in the Division of Indian Affairs provide legal counsel to the Solicitor of the Department of the Interior, as well as the Bureau of Indian Affairs and the Assistant Secretary - Indian Affairs." (Docket No. 32-2 ¶ 2.)

Martinez, 04-CV-0927, 2007 U.S. Dist. LEXIS 90723, at *26-28 (N.D.N.Y. 2007), Plaintiffs' Complaint did not, and does not, contain any fact allegations or claims directed at Defendants' subjective intent or motivation.

5. In their second discovery motion, Plaintiffs argued, *inter alia*, that the record contained a sufficiently strong preliminary showing of bad faith or impropriety on Blackwell's part to justify further discovery. This Court agreed that three documents on Defendants' Supplemental Privilege Log, for which Blackwell was identified as an author or recipient, warranted *in camera* review to determine whether they were relevant and should be disclosed. Defendants later were directed to produce two of the three documents. (Docket No. 50.) The Court rejected Plaintiffs' request for additional broad discovery, noting that the only privileged documents relevant to the identified conduct were those relating to Blackwell's possible involvement in the DOI's decision to reverse its position on the applicability of Section 2719 of the Indian Gaming Regulatory Act ("IGRA") to restricted fee land. (Docket No. 49 at 16.)

6. Based on the two documents recently produced, Plaintiffs now renew their request for all documents sought in their second discovery motion (*see* Docket Nos. 45-1 at 3 fn. 3; 52-1 at 4 fn. 2), and they add a request for privileged documents not previously sought (*id*.).

7. The instant motion is denied for several reasons. As has been the case all along, Plaintiffs' Complaint claims only that the decision-making process was procedurally flawed; no cause of action is based on alleged improper intent or motivation by a decision-maker. Thus, this is not a case in which the deliberative process privilege "evaporates" based on the nature of the litigation itself. To the extent Plaintiffs intend to renew their bad faith argument, all documents the Court deemed relevant to that argument have been disclosed.

Plaintiffs do not offer any reason why this Court should alter its decision that no other documents requested in the second discovery motion, and now this motion, appear to relate to Blackwell's purported involvement in DOI rule-making. As for the newly-requested documents, the government's Amended Privilege Log does not list Blackwell as the author, recipient, or subject of any one of them. In sum, other than rehashing arguments previously rejected, Plaintiffs have offered no basis for authorizing further discovery in this administrative record case.

* * * *

IT HEREBY IS ORDERED that Plaintiffs' Motion for an Order Compelling Production of Administrative Record Documents (Docket No. 52) is DENIED.

SO ORDERED

Dated: September 8, 2012
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court